Christopher J. Langley – SBN 258851
chris@slclawoffce.com
**SHIODA, LANGLEY & CHANG LLP**
1063 E. Las Tunas Dr.
San Gabriel, CA 91776
Tel.: (626)281-1232
Fax.: (626)281-2919

Counsel for Debtor and Debtor-in-possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DISVISION

| | |
|---|---|
| In re<br><br>ALPINEBAY, INC<br><br><br><br>Debtor and Debtor-in-Possession | Case No. 9:24-bk-11386-RC<br><br>Chapter 11<br><br>**DEBTOR'S NOTICE OF MOTION AND VOLUNTARY MOTION TO DISMISS CHAPTER 11 CASE**<br><br>Date: December 10, 2025<br>Time: 1:00pm<br>Place: Ctrm 201<br>1415 State Street<br>Santa Barbara, CA 93101 |

///

///

///

TO THE UNITED STATES TRUSTEE AND ALL PARTIES IN INTEREST:

NOTICE IS HEREBY GIVEN that on the above referenced date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the Debtor's Motion to Voluntary Dismiss the Chapter 11 case and accompanying supporting documents served and filed herewith.

Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

Deadline for Opposition Papers: This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

DATED: November 22, 2025            SHIODA LANGLEY & CHANG LLP

By:/s/Christopher J. Langley
CHRISTOPHER J. LANGLEY
Attorneys for Debtor-In-Possession,
Alpinebay, Inc.

i            NOTICE OF MOTION AND MOTON TO DISMISS

Doc ID: 13409f12089daf9faaebecd8bf39cd2ea3a419f9

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Debtor Alpinebay, Inc. respectfully requests that this Court dismiss this Chapter 11 bankruptcy case. The primary dispute that necessitated this bankruptcy filing has been resolved through a settlement agreement with ProForm Finishing Products, LLC ("ProForm"), formerly New NGC, Inc. The settlement was approved by this Court on September 22, 2025. With the main creditor dispute resolved and no need for further reorganization, dismissal serves the best interests of all parties, including the Debtor's three secured creditors: Chase Bank, the Small Business Administration ("SBA"), and First Business Bank.

**II.     STATEMENT OF FACTS**

**A.      Background and Filing of the Bankruptcy Case**

Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code on December 6, 2024 (the "Petition Date").

The bankruptcy filing was necessitated by a dispute with ProForm arising from federal litigation in the U.S. District Court for the Northern District of Illinois, Case No. 1:19-CV-03978, involving trademark and trade-dress infringement claims. ProForm obtained a jury verdict of $5,500,000 against Debtor in May 2023.

Following the verdict, Debtor and ProForm entered into a Confidential Settlement and Release Agreement and a Stipulated Permanent Injunction. Under the settlement, Debtor paid ProForm $1,000,000 and agreed to permanently cease using certain infringing materials. Debtor also executed a consent judgment in the amount of $5,500,000, which ProForm could enforce upon any violation of the settlement terms.

In October 2024, the District Court found that Debtor had violated the Permanent Injunction and Settlement Agreement, rendering the consent judgment immediately enforceable. This created a claim against Debtor of $4,500,000 (after crediting the initial $1,000,000 payment), plus an estimated $99,088 in attorneys' fees and costs for contempt proceedings.

Faced with the enforceable consent judgment and ProForm's proof of claim totaling

NOTICE OF MOTION AND MOTON TO DISMISS

Doc ID: 13409f12089daf9faaebecd8bf39cd2ea3a419f9

$4,599,088.12, Debtor filed for Chapter 11 protection to stay collection activities and attempt to reorganize.

**B.    Resolution of the Primary Dispute**

On September 4, 2025, Debtor filed a Motion for Approval of Compromise with ProForm pursuant to Federal Rule of Bankruptcy Procedure 9019 (Docket No. 135).

The settlement agreement provides for Debtor to pay ProForm $400,000 in full satisfaction of ProForm's claim of approximately $4.6 million. This represents a significant reduction and resolution of the claim that precipitated the bankruptcy filing.

On September 22, 2025, this Court approved the settlement agreement with ProForm, finding it to be in the best interests of the estate and its creditors.

Under the settlement terms, the $400,000 payment was to be made after dismissal of the bankruptcy case, ensuring the payment will not come from property of the bankruptcy estate. The settlement provides that the payment will be made from a combination of company funds (to the extent available without impairing operations) and personal contributions from Debtor's principals, William Huor B. Lam and Anne Xiu Ying Ho.

**C.    Secured Creditor Status**

Debtor has three secured creditors in this case:

a. Chase Bank - Line of credit with an allowed claim of $220,583.73 (Official Claim 4); (Chase also has a claim filed for $1,518,869.10 based on a corporate guarantee for a Loan secured by real property owned by Debtor's principals at 1668 El Pinal Dr., Stockton, CA 95205 official claim #5)

b. Small Business Administration – with a claim totally $2,145,287.18 with approximately $140,000 secured portion (Official Claim 1); and

c. First Business Bank - Loan secured by real property owned by Debtor's principals at 1668 El Pinal Dr., Stockton, CA 95205, which is also the location from which the business operates.

Debtor has remained current on all secured obligations both pre-petition and post-petition. No secured creditor has objected to dismissal of this case.

NOTICE OF MOTION AND MOTON TO DISMISS
Doc ID: 13409f12089daf9faaebecd8bf39cd2ea3a419f9

First Business Bank was served with the 9019 motion and raised concerns, which were informally resolved through agreed protective language in the order approving the ProForm settlement. That language specifically provides that nothing in the order or settlement agreement shall subordinate or prime First Business Bank's interests in Debtor's property or the property of Debtor's principals. Debtor has already entered into a reinstatement agreement with First Business Bank in anticipation of the dismissal of the case.

**D.     Asset Valuation and Limited Reorganization Prospects**

Debtor retained Christopher Hamilton to provide a business valuation. His report, dated December 31, 2024, valued Debtor's business based on tangible assets at $360,000.

With approximately $2.8 million in total secured claims, this means:

a. Chase Bank's claim of $220,583.73 is fully secured;

b. Approximately $140,000 of the SBA's claim is secured; and

c. The remainder of the secured debt substantially exceeds the tangible asset value.

The only real value in this business is as a going concern with current leadership (William Lam and Anne Ho) in place. Both the SBA and First Business Bank hold security interests in real property owned by Debtor's principals, which is critical to the ongoing business operations.

**E.     Current Status and Court's Intent to Dismiss**

At the status conference held on August 20, 2025, this Court continued the status conference to September 24, 2025, and indicated its intention to dismiss the Chapter 11 case on that date based on procedural deficiencies.

The procedural deficiencies noted by the Court included: (a) failure to timely file status conference reports;  and (b) failure to file a required disclosure statement.

Debtor acknowledged these deficiencies. Given the resolution of the primary dispute with ProForm and the secured creditors' positions, Debtor determined that pursuing a plan of reorganization was not feasible or in the best interests of stakeholders.

Debtor has continued to file required monthly operating reports and has paid, or will pay by the hearing date, all U.S. Trustee quarterly fees through the date of dismissal.

NOTICE OF MOTION AND MOTON TO DISMISS
Doc ID: 13409f12089daf9faaebecd8bf39cd2ea3a419f9

**F.        Post-Settlement Developments and No Objection to Dismissal**

On September 22, 2025, the Court continued the status conference to December 10, 2025, to allow the U.S. Trustee's Office to appear and comment, which counsel understood to essentially act as a hearing on debtor's dismissal request brought up in the status report.

To Debtor's knowledge, no party in interest objects to dismissal of this case. The primary creditor concern (ProForm's claim) has been resolved through court-approved settlement, and secured creditors' interests are preserved through their liens.

With the settlement approved and the path forward clarified, Debtor seeks dismissal to avoid further administrative expenses and to allow Debtor to satisfy the ProForm settlement payment outside of bankruptcy.

**III.    LEGAL ARGUMENT**

**A.        Standard for Dismissal Under Section 1112(b)**

Section 1112(b) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1112(b)(1).

The determination of whether "cause" exists to dismiss a Chapter 11 case is guided by the fundamental purposes of Chapter 11. As the Supreme Court has observed, Chapter 11 embraces "the two recognized policies of preserving going concerns and maximizing property available to satisfy creditors." Bank of America Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship, 526 U.S. 434, 453 (1999).

**B.        Voluntary Dismissal Should Be Granted Absent Extraordinary Circumstances**

A debtor's motion to dismiss its own Chapter 11 case should be granted "in all but extraordinary situations." In re Geller, 74 B.R. 685, 689 (Bankr. E.D. Pa. 1987). Courts have routinely granted debtors' motions to dismiss Chapter 11 cases where proceeding under Chapter 11 no longer benefits the debtor or creditors. See, e.g., In re Kimble, 96 B.R. 305, 308 (Bankr. D. Mont. 1988).

In general, courts grant requests for voluntary dismissal unless to do so would result in "plain

NOTICE OF MOTION AND MOTON TO DISMISS
Doc ID: 13409f12089daf9faaebecd8bf39cd2ea3a419f9

legal prejudice" to creditors. See Gill v. Hall (In re Hall), 15 B.R. 913, 917 (9th Cir. B.A.P. 1981). Courts have found "plain legal prejudice" in cases where the assets of the estate would be diminished by dismissal. Where, however, "no post-petition transfers are alleged, no preferences cited, and no loss to the estate from Debtor's actions are shown," no plain legal prejudice results from dismissal. In re Kimble, 96 B.R. at 308; see also In re Turboff, 120 B.R. 849, 850 (Bankr. S.D. Tex. 1990).

### C.    Good Cause Exists for Dismissal in This Case

Good cause exists to dismiss this case for the following reasons:

1. Primary Dispute Resolved: The dispute with ProForm that necessitated the bankruptcy filing has been resolved through a court-approved settlement agreement. This removes the primary threat to Debtor's business continuity.

2. No Feasible Reorganization: With secured claims of approximately $2.8 million against tangible assets valued at $360,000, and with Debtor having remained current on all secured obligations, there is no feasible reorganization plan that would provide creditors with better treatment than they currently receive.

3. Creditors Not Prejudiced: Dismissal will not prejudice creditors. Secured creditors maintain their liens and security interests. The ProForm settlement explicitly provides for payment post-dismissal. No party has objected to dismissal.

4. Conversion Would Not Benefit Creditors: Conversion to Chapter 7 would serve no useful purpose. Debtor has no unencumbered assets for a trustee to liquidate. The secured creditors are adequately protected through their liens. A Chapter 7 trustee would merely incur administrative expenses without generating any meaningful recovery for unsecured creditors.

5. Going Concern Value Preserved: Dismissal allows Debtor to continue operating as a going concern, which is the primary source of value in this business. This benefits all stakeholders, including secured creditors whose collateral value depends on ongoing business operations.

6. Administrative Efficiency: Continued Chapter 11 proceedings would only generate additional professional fees and administrative costs without corresponding benefit to the estate or its creditors.

NOTICE OF MOTION AND MOTON TO DISMISS
Doc ID: 13409f12089daf9faaebecd8bf39cd2ea3a419f9

7. ProForm Settlement Structure: The settlement agreement contemplates dismissal, as payment is to be made from sources that include personal contributions from Debtor's principals. This structure avoids any question about use of estate property and facilitates a clean resolution.

**D.      No Extraordinary Circumstances Warrant Denial of Dismissal**

No extraordinary circumstances exist that would warrant denial of Debtor's dismissal request:

• Debtor has remained current on all secured obligations throughout the case

• No allegations of fraud, preference payments, or fraudulent transfers have been made

• Debtor has cooperated with the U.S. Trustee's Office and filed required reports (subject to the acknowledged delays)

• The primary dispute has been resolved through arms-length, court-approved settlement

• All secured creditors' interests are protected through their liens

• No party has objected to dismissal

**E.      Dismissal Serves the Purposes of the Bankruptcy Code**

Dismissal serves both fundamental purposes of Chapter 11: (1) it preserves Debtor as a going concern by avoiding liquidation and allowing continued operations, and (2) it maximizes value for creditors by avoiding unnecessary administrative expenses while maintaining secured creditors' liens and allowing satisfaction of the ProForm settlement.

**IV.      <u>CONCLUSION</u>**

Debtor has successfully navigated the primary crisis that led to the bankruptcy filing—the ProForm litigation and resulting judgment. With that dispute resolved through court-approved settlement, the purpose of the Chapter 11 case has been fulfilled. Continued bankruptcy proceedings would serve no beneficial purpose and would only generate additional costs.

Dismissal allows Debtor to satisfy the ProForm settlement, continue operations, maintain its secured creditor relationships, and preserve going concern value—all while avoiding the administrative burden and expense of further bankruptcy proceedings.

NOTICE OF MOTION AND MOTON TO DISMISS
Doc ID: 13409f12089daf9faaebecd8bf39cd2ea3a419f9

For these reasons, Debtor respectfully requests that the Court grant this Motion and enter an order dismissing this Chapter 11 case without prejudice.

DATED: November 19, 2025        SHIODA LANGLEY & CHANG LLP


                                By:/s/Christopher J. Langley
                                CHRISTOPHER J. LANGLEY
                                Attorneys for Debtor-In-Possession,
                                Alpinebay, Inc.

- 7 -    NOTICE OF MOTION AND MOTON TO DISMISS

## DECLARATION OF WILL HO

I, Will Ho, hereby declare:

1.    I am over the age of eighteen years and am competent to testify to the matters set forth herein. I have personal knowledge of the facts stated in this declaration, except as to those matters stated on information and belief, and as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the facts stated herein.

2.    I am the Manager Alpinebay, Inc. ("Debtor" or "the Company"), a California corporation. Together with Anne Xiu Ying Ho, who serves as Chief Financial Officer, I am responsible for the day-to-day management and operations of the Company.

3.    I authorized the filing of Debtor's voluntary petition under Chapter 11 of the Bankruptcy Code on December 6, 2024. Since the petition date, Debtor has continued to manage its business affairs as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4.    I am fully familiar with Debtor's business operations, financial condition, assets, liabilities, and the circumstances that led to the bankruptcy filing. I submit this declaration in support of Debtor's Motion to Dismiss this Chapter 11 case.

5.    The primary factor that necessitated Debtor's bankruptcy filing was the dispute with ProForm Finishing Products, LLC (formerly New NGC, Inc., doing business as National Gypsum Company) ("ProForm").

6.    In June 2019, ProForm sued Debtor in the United States District Court for the Northern District of Illinois for trademark and trade-dress infringement. In May 2023, a jury returned a verdict in favor of ProForm on all claims, awarding $5,500,000 to ProForm.

7.    Following the jury verdict, Debtor entered into a Confidential Settlement and Release agreement with ProForm. Under that settlement, Debtor agreed to pay ProForm $1,000,000 and to permanently cease using certain materials that the court found to be infringing. Debtor made the $1,000,000 payment as required.

8.    As part of the settlement, Debtor also executed a consent judgment in favor of ProForm in the amount of $5,500,000. ProForm could enforce this consent judgment immediately if Debtor violated the terms of the settlement agreement or the court's permanent injunction.

9.    In October 2024, the District Court found that Debtor had violated the terms of the permanent injunction and settlement agreement. This finding rendered the consent judgment immediately enforceable. After crediting the $1,000,000 already paid, ProForm had an enforceable judgment of $4,500,000 against Debtor, plus approximately $99,088.12 in attorneys' fees and costs awarded for contempt proceedings.

- 8 -

10. Faced with this approximately $4.6 million enforceable judgment and ProForm's impending collection efforts, Debtor filed for Chapter 11 bankruptcy protection on December 6, 2024.

11. Debtor's primary objective in filing bankruptcy was to obtain breathing room to negotiate a resolution with ProForm that would allow Debtor to continue its business operations.

12. Through extensive negotiations with ProForm, Debtor was able to reach a settlement agreement providing for payment of $400,000 in full satisfaction of ProForm's claim of approximately $4.6 million. This represents a significant reduction—approximately 91% off the claim amount.

13. On September 4, 2025, Debtor filed a Motion for Approval of Compromise with ProForm pursuant to Federal Rule of Bankruptcy Procedure 9019. On September 22, 2025, this Court entered an order approving the settlement agreement.

14. Debtor has three secured creditors in this case:

a. Chase Bank, which holds a line of credit with an allowed claim of $220,583.73 (Official Claim 4);

b. The Small Business Administration ("SBA"), which holds a loan with approximately $140,000 secured portion (Official Claim 1); and

c. First Business Bank, which holds a loan secured by real property that Anne Ho and I own at 1668 El Pinal Dr., Stockton, CA 95205.

15. The property at 1668 El Pinal Dr., Stockton, CA 95205 is where Debtor's business operates. Both the SBA and First Business Bank hold security interests in this real property as part of their loan collateral.

16. Debtor has remained current on all payments to these secured creditors both before and after the bankruptcy filing. We have not missed any payments, and we have no intention of defaulting on these obligations.

17. To my knowledge, none of the secured creditors object to dismissal of this bankruptcy case. When First Business Bank was served with the motion to approve the ProForm settlement, it raised concerns about protecting its security interests. Those concerns were resolved through protective language included in the order approving the settlement, which specifically provides that nothing in the order or settlement agreement subordinates or primes First Business Bank's interests.

18. Debtor retained Christopher Hamilton to provide a business valuation. His report, dated December 31, 2024, valued Debtor's business based on tangible assets at $360,000.

19. With approximately $2.8 million in total secured claims against $360,000 in tangible asset value, the secured creditors are significantly undersecured based on liquidation value alone.

20. However, the real value in this business is not in its tangible assets, but in its ability to

- 9 -

operate as a going concern. The Debtor's principals have established relationships with customers and suppliers, developed expertise in our product lines, and created systems and processes that allow the business to generate revenue and cashflow.

21. The business can continue to operate profitably and service its secured debt only if the current principals remain involved in managing it. If the business were liquidated or if we were replaced, the going concern value would be lost, and the secured creditors would receive far less than they do through our continued operations and debt service.

22. Given the secured creditors' substantial claims and the limited tangible asset value, there is no feasible Chapter 11 reorganization plan that would provide better treatment to creditors than they currently receive through our continued operations and payment of secured debt.

23. A plan that proposed to impair the secured creditors' claims would not be confirmable because the business lacks sufficient value to support such a plan. A plan that left the secured creditors unimpaired would essentially continue the status quo—which is exactly what dismissal accomplishes, but without the ongoing administrative costs of bankruptcy.

24. Debtor has continued to operate its business throughout the bankruptcy case. We have maintained our customer relationships, fulfilled orders, managed inventory, and met payroll obligations.

25. We have filed monthly operating reports as required by the U.S. Trustee's Office, though I acknowledge there have been some delays in filing. We have paid, or will pay by the hearing date on this motion, all quarterly fees owed to the U.S. Trustee.

26. The business is generating sufficient revenue to cover its operating expenses and make payments on the secured debt. However, the business does not generate excess cashflow that would allow for meaningful distributions to unsecured creditors under a Chapter 11 plan.

27. The ongoing costs of the bankruptcy case—including U.S. Trustee fees, professional fees for legal counsel, and the administrative burden of compliance—represent a significant drain on the business. These costs provide no corresponding benefit now that the ProForm dispute has been resolved.

28. Debtor seeks dismissal of this case because the purpose of the bankruptcy filing has been accomplished. We filed to stay ProForm's collection activities and obtain time to negotiate a resolution. We have successfully negotiated and obtained court approval of a settlement that reduces ProForm's claim by approximately 91%.

29. With the ProForm dispute resolved, there is no viable path forward in Chapter 11. We cannot propose a confirmable reorganization plan given the secured creditors' claims and the

- 10 -

NOTICE OF MOTION AND MOTON TO DISMISS
Doc ID: 13409f12089daf9faaebecd8bf39cd2ea3a419f9

business's limited asset value. Continuing the case would only generate additional administrative costs without benefit.

30. Conversion to Chapter 7 would be counterproductive. A Chapter 7 trustee would have no unencumbered assets to liquidate. The business's value depends entirely on Anne Ho and me continuing to operate it. Liquidation would destroy the going concern value and leave the secured creditors worse off.

31. Dismissal allows the business to continue operating, preserves going concern value, maintains the secured creditors' liens and our ongoing payments to them, and permits us to satisfy the ProForm settlement as contemplated by the settlement agreement.

32. To my knowledge, no party in interest objects to dismissal. The secured creditors are protected through their liens and our continued debt service. ProForm's claim is resolved through the settlement agreement. The U.S. Trustee has the opportunity to comment at the December 10, 2025 hearing.

33. Subject to the acknowledged delays that the Court has noted, Debtor has substantially complied with its obligations in this bankruptcy case. We have:

a.  Filed monthly operating reports with the U.S. Trustee;

b.  Maintained insurance on estate property;

c.  Operated the business in the ordinary course;

d.  Remained current on all secured debt payments;

e.  Attended the meeting of creditors;

f.  Cooperated with requests from the U.S. Trustee's Office; and

g.  Obtained court approval for the ProForm settlement through proper procedures.

34. We acknowledge that we failed to file certain status reports timely and did not file a disclosure statement. These failures occurred because we determined, after the ProForm settlement was approved, that pursuing a reorganization plan was not feasible given the Company's financial circumstances and the secured creditors' positions.

35. We will pay all outstanding U.S. Trustee quarterly fees through the date of dismissal.

36. Dismissal of this case will not prejudice any creditor.

37. The secured creditors will retain their liens and security interests. Anne Ho and I will continue making regular payments on the secured debt. The secured creditors are not prejudiced by dismissal—indeed, they benefit from avoiding the administrative costs that would otherwise reduce the estate's value.

38. ProForm's interests are fully protected by the settlement agreement, which provides

- 11 -    NOTICE OF MOTION AND MOTON TO DISMISS
Doc ID: 13409f12089daf9faaebecd8bf39cd2ea3a419f9

for payment after dismissal. ProForm agreed to this structure and obtained court approval of the settlement.

39. There are no significant unsecured creditors beyond ProForm whose interests would be affected by dismissal.

40. No post-petition transfers have been made that would prejudice creditors. No preferential payments or fraudulent transfers are alleged. The estate's assets will not be diminished by dismissal.

41. In summary, Debtor seeks dismissal because:

a. The primary dispute with ProForm that necessitated the bankruptcy filing has been resolved through court-approved settlement;

b. There is no feasible reorganization plan that would benefit creditors;

c. Conversion to Chapter 7 would serve no useful purpose and would only incur additional administrative costs;

d. Dismissal preserves going concern value and allows continued debt service to secured creditors;

e. No creditor will be prejudiced by dismissal;

f. Dismissal allows satisfaction of the ProForm settlement as contemplated by the parties; and

g. Continued bankruptcy proceedings serve no beneficial purpose and only generate additional costs.

42. The prinicipals are committed to continuing the business, meeting our obligations to secured creditors, and satisfying the ProForm settlement. Dismissal allows us to do this in the most efficient manner while avoiding unnecessary bankruptcy administrative costs.

43. For all these reasons, I respectfully request that the Court grant Debtor's Motion to Dismiss this Chapter 11 case.

44. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of November 2025, at Stockton, California.

_William Ho_
_____
Will Ho

NOTICE OF MOTION AND MOTON TO DISMISS
Doc ID: 13409f12089daf9faaebecd8bf39cd2ea3a419f9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4158 14th Street, Riverside, CA 92706


A true and correct copy of the foregoing document entitled (*specify*): _____
**DEBTOR'S NOTICE OF MOTION AND VOLUNTARY MOTION TO DISMISS CHAPTER 11 CASE**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/19/2025_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Brian David Fittipaldi      brian.fittipaldi@usdoj.gov
Alan Craig Hochheiser      ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
Marshall J Hogan      mhogan@swlaw.com, fcardenas@swlaw.com
Christopher J. Langley      chris@slclawoffice.com, john@slclawoffice.com;langleycr75251@notify.bestcase.com
Elan S Levey      elan.levey@usdoj.gov, usacac.tax@usdoj.gov;caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
Wendy A Locke      ecfcacb@aldridgepite.com, wlocke@ecf.inforuptcy.com
Anne C Manalili      anne.manalili@sba.gov
Allison C. Murray      acmurray@swlaw.com, kcollins@swlaw.com
Andrew Nazar      anazar@polsinelli.com, tbackus@polsinelli.com;docketing@polsinelli.com
Randye B Soref      rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
Andrew W.J. Tarr      atarr@robinsonbradshaw.com, docketing@robinsonbradshaw.com,kwells@robinsonbradshaw.com
United States Trustee (ND)      ustpregion16.nd.ecf@usdoj.gov

☐    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/19/2025_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.


☒    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.


☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


| 11/19/2025 | John Martinez | /s/John Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                           **F 9013-3.1.PROOF.SERVICE**


Doc ID: 13409f12089daf9faaebecd8bf39cd2ea3a419f9

Label Matrix for local noticing
0973-9
Case 9:24-bk-11386-RC
Central District of California
Santa Barbara
Wed Nov 19 10:54:57 PST 2025

Alpinebay Inc
7 W. Figueria Street. Ste 300
Santa Barbara, CA 93101-3189

AmTrust North America, Inc. on behalf of Seq
c/o Maurice Wutscher LLP
23611 Chagrin Blvd
Suite 207
Beachwood, OH 44122-5540

County Assessor
County Government Center, Room 100
San Luis Obispo, CA 93408-0001

County Tax Collector
P.O. Box 357
Santa Barbara, CA 93102-0357

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

(p)FIRST BUSINESS BANK
401 CHARMANY DR
MADISON WI 53719-1272

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Securities & Exchange Commission
444 South Flower St., Suite 900
Los Angeles, CA 90071-2934

Shioda Langley & Chang LLP
1063 E Las Tunas Drive
San Gabriel, CA 91776-1632

(p)U S  SMALL BUSINESS ADMINISTRATION
312 N SPRING ST 5TH FLOOR
LOS ANGELES CA 90012-4701

Northern Division
1415 State Street,
Santa Barbara, CA 93101-2511

Franchise Tax Board
PIT Bankruptcy MS: A-340
PO Box 2952
Sacramento, CA 95812-2952

JPMorgan Chase Bank, N.A. c/o Chris Peterson
P.O. Box 29550, Mail Code AZ1-5200
Phoenix, AZ 85038-9550

JPMorgan Chase Bank, NA
Collateral Mgmt Small Business
PO Box 33035
Louisville, KY 40232-3035

National Gypsum Company
2001 Rexford Road
Charlotte, NC 28211-3498

US Small Business Administration
1545 Hawkins Blvd. Ste 202
El Paso, TX 79925-2654

United States Trustee (ND)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Chris Hamilton
Arxis Financial, Inc.
2468 Tapo Canyon Rd
Simi Valley, CA 93063-2361

Christopher J. Langley
Shioda Langley & Chang LLP
1063 E. Las Tunas Dr.
San Gabriel, CA 91776-1632

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

First Business Bank
11141 Overbrook Road
Suite 103
Leawood, KS 66211

U.S. Small Business Administration
Office of General Counsel
312 N Spring St, 5th Floor
Attn: Anne C. Manalili
Los Angeles, CA 90012 United States

(d)First Business Bank
401 Charmany Drive
Madison, WI 53719

(d)U.S. Small Business Administration
Office of General Counsel (ACM)
312 North Spring Street, Floor 5
Los Angeles, CA 90012

Doc ID: 13409f12089daf9faaebecd8bf39cd2ea3a419f9

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF                    (u)Gold Bond Building Products, LLC          (u)ProForm Finishing Products, LLC d/b/a Nati


(d)INTERNAL REVENUE SERVICE        End of Label Matrix
PO BOX 7346                        Mailable recipients   20
Philadelphia, PA 19101-7346        Bypassed recipients    4
                                   Total                 24

Doc ID: 13409f12089daf9faaebecd8bf39cd2ea3a419f9